IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| RONNIE LEE ALSTON, | * |
| Plaintiff, | * |
| | * |
| v. | Civil Action No. PX 15-3740 |
| | * |
| OURISMAN CHEVROLET "et al.," | * |
| Defendant. | * |

\*\*\*\*\*\*

**MEMORANDUM OPINION**

Pending is Defendant's motion to dismiss for failure to state a claim (ECF No. 17) and

Plaintiff's Motion to File a Response Out of Time (ECF No. 19). The issues are fully briefed and

the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the

reasons stated below, both motions are granted.

## I.      BACKGROUND[1]

On October 6, 2015, Plaintiff Ronnie Alston ("Alston") purchased a 2015 Chevrolet

Sonic from the Defendant, Ourisman Chevrolet of Marlow Heights ("Ourisman"), agreeing to a

$700 down payment and monthly payments of $498. ECF No. 1. Alston wanted to make his

monthly payments electronically, so he asked Ourisman to provide him with the appropriate

routing and account number. Alston alleges that Ourisman refused to provide him with this

information because Alston is a "black, disabled, aged customer." ECF No. 13-1. Without the

routing and account number, Alston alleges that he was unable to make the necessary car

payments. Alston also alleges that Ourisman prevented him from registering his car and filed a

false theft report against him with the police, all because he is an elderly, black, and disabled

---

[1] Unless otherwise noted, the facts here are construed in the light most favorable to the Plaintiff, the nonmoving
party.

man. Additionally, Alston alleges that he was charged "a higher interest rate" and a "higher sticker price" for the Chevy Sonic than "non-black, non-disabled, younger customers" purchasing comparable vehicles. ECF No. 13 at 2.

On December 7, 2015, Alston, appearing pro se, filed his Complaint alleging "discrimination due to age and race," but did not aver under which constitutional or statutory provisions Plaintiff is proceeding or how particularly Ourisman violated the same.[2] ECF No. 1-1. Adding to the confusion, Alston alleges throughout his pleadings that the above-described discriminatory acts were committed by a collective group of "Defendants," yet Plaintiff only names Ourisman as a single defendant. The case caption, drafted by Alston himself, refers to the "Defendant**s**" as "Ourisman Chevrolet **'et al.'**" (emphasis added).

On December 23, 2015, this Court dismissed Alston's Complaint because, at most, it alleged a state law claim for breach of contract, and thus this Court was without jurisdiction. ECF No. 5. Alston asked the Court to reconsider its December 23rd Order asserting, for the first time, that his case is a "Civil Rights action, based on Racial Discrimination." ECF No. 6. Alston's motion was granted on the ground that his allegations could be construed as a violation of 42 U.S.C. § 1981, which "bars discrimination on the basis of race in the making and enforcement of contracts." ECF No. 12 at 2.

On April 26, 2016, Alston filed an amended complaint, which again fails to specify a cause of action. ECF No. 13. On June 15, 2016, Ourisman filed a motion to dismiss, alleging that Alston's amended complaint failed to properly identify a defendant party, but instead repeatedly refers to a group of "Defendants" without any other specificity or identifying information. ECF No. 17. Alston missed the July 5th deadline to file a response to Ourisman's motion to dismiss.

---

[2] Under the "Cause of Action" section of Alston's civil cover sheet, he wrote "discrimination" in the section where he was asked to cite the civil statute under which he was filing.

On July 6, 2016, Alston filed a Motion to File a Response Out of Time, and attached a proposed response to that motion. ECF No. 19. Because Ourisman has suffered no prejudice from Alston's day-late filing, the Court will grant Alston's Motion to File a Response Out of Time and consider his response. For the following reasons, Ourisman's motion to dismiss will be granted. Plaintiff's amended complaint will be dismissed without prejudice, providing him one final opportunity to amend his complaint to cure its defects, if possible.

## II.   STANDARD OF REVIEW

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

At this stage, all well–pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir.1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir.

1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009); *Wag More Dogs, LLC*

*v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in

the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or

unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks

omitted)). Ultimately, a complaint must "'permit the court to infer more than the mere possibility

of misconduct' based upon 'its judicial experience and common sense.'" *Coleman v. Md. Court*

*of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

Generally, pro se pleadings are liberally construed and held to a less stringent standard

than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and

internal quotation marks omitted). Liberal construction means that the court will read the

pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it

does not mean that the court should rewrite the complaint to include claims never presented.

*Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999). That is, even when pro se litigants are

involved, the court cannot ignore a clear failure to allege facts that support a viable claim. *Weller*

*v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Forquer v. Schlee*, No. RDB–12–969,

2012 WL 6087491, at *3 (D. Md. Dec. 4, 2012) (citation and internal quotation marks omitted)

("[E]ven a pro se complaint must be dismissed if it does not allege a plausible claim for relief.").

## III.   ANALYSIS

Ourisman argues that the deficiencies in Alston's pleading prevent it from establishing a

proper defense. For instance, the amended complaint asserts claims against "Defendants," but

Ourisman is the only defendant in the case. Initially, it could have been assumed that Alston

simply used the plural form in error, believing it appropriate when referring to acts committed by

Ourisman's employees on behalf of Ourisman. Yet, Alston undercuts this assumption in his

response to Ourisman's motion to dismiss. There, he confirms that he deliberately uses the phrase "et al." in the case caption because there are multiple defendants. ECF No. 19-3 at 4. He also refers to several Ourisman employees and members of the Prince George's County police department as defendants.  ECF No. 19-3 at 1–2 (naming "Kenny Powers, General Manager of Ourisman Chevrolet, . . . Scott Barnby, Finance Manager of Ourisman Chevrolet, . . . Saied Dadkoo, position unknown to Plaintiff, of Ourisman Chevrolet, . . . Officer Mason, Officer Thompson, Officer Jones, of Prince George's County Police Department and Sgt. Hader of Internal Affairs of the Prince George's County Police Department").

By referring to the "Defendants" as a group throughout the amended complaint, he fails to specify which individuals or entities are responsible for each act. *See, e.g.*, *Taylor v. Nw. Educ. Loan Ass'n*, No. 3:09CV235, 2009 WL 3297564, at *1 (W.D.N.C. Oct. 13, 2009) (granting a motion for more definite statement when "Plaintiff refer[red] generally to the 'defendant(s)' without specifying which Defendant he is referring to and without referring to the particular acts of each Defendant."). Alston's lack of specificity prevents Ourisman from understanding which allegations apply to it versus any other potential defendant, and thus Ourisman cannot adequately respond to Alston's pleading. *See Twombly*, 550 U.S. at 554 (stating that Rule 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief, *in order to give the defendant fair notice of what the . . .  claim is*.") (emphasis added) (citations and internal quotation marks omitted); *see also Romero v. Countrywide Bank, N.A.*, 740 F. Supp. 2d 1129, 1136 (N.D. Cal. 2010) ("Treating disparate parties identically without explanation . . . deprives each individual party of a fair and meaningful opportunity to defend itself.").

Alston will have the opportunity to add additional defendants in his second amended complaint if he wishes. Any additional defendants must be served with a summons along with a copy of the complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure. Alternatively, he may amend his complaint so that it only asserts claims against Ourisman Chevrolet.

Alston's amended complaint also fails to specify the cause(s) of action he is pursuing. Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8. To survive a motion to dismiss, a complaint must also sufficiently allege "each element of the cause of action so as to inform the opposing party of the claim and its general basis." *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 348 (4th Cir. 2005).

Alston's amended complaint repeatedly states that he is being discriminated against "solely because he is black, disabled, aged customer," but never alleges a specific violation of a federal statute or constitutional right. Broad allegations of discrimination without asserting a cause of action does not give Ourisman an opportunity to properly defend itself. *Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."). In this Court's last Memorandum Opinion and Order, we presumed that Alston intended to bring this action under 42 U.S.C. § 1981, which "bars discrimination on the basis of race in the making and enforcement of contracts." *Lockley v. Town of Berwyn Heights*, No. JFM-14-825, 2015 WL 5334256, at *14 (D. Md. Sept. 11, 2015). ECF No. 12 at 2. Alston never mentions § 1981 in his amended complaint. He also failed to

specifically allege facts supporting each element, even after this Court outlined the elements of a successful § 1981 claim in its April 26th Opinion in this case.[3] ECF No. 12 at 2. Thus, it is not at all clear that Alston intends to bring this cause of action. We note that Alston's response to Ourisman's motion to dismiss very generally alleges that Ourisman's conduct violates the Fair Credit Reporting Act, the American with Disabilities Act, and violates his constitutional rights under the First, Fourth, and Eighth Amendments, in addition to the Civil Rights Act of 1964. But none of this appears in his amended complaint, and "the Plaintiff cannot amend his Complaint through a document filed in response to a motion to dismiss." *Saunders v. Keenan*, No. JKB-15-1265, 2015 WL 4622492, at *1 (D. Md. July 31, 2015). Thus, Alston's complaint fails to comply with the requirements of notice pleading.

## IV.   CONCLUSION

For the foregoing reasons, Ourisman's motion to dismiss will be granted and Alston's amended complaint is dismissed without prejudice due to Alston's pro se status. Alston is permitted to file a second amended complaint setting forth his allegations in specifically numbered paragraphs, as he has previously done. Alston is further required to set forth separately, each cause of action against each of the defendants in this matter. Finally, Alston is directed to state with clarity the asserted basis for federal jurisdiction. Failure to file an amended complaint will result in dismissal of this action without further notice and the Court will not provide Alston with another opportunity to amend to cure the above-described deficiencies.

| | |
|---|---|
| 9/15/2016 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |

---

[3] This Court stated: "Generally, to state a § 1981 claim, the plaintiff must show that 'he or she is a member of a racial minority; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities protected by the statute." ECF No. 12-2 (quoting *Sojourner-Douglass Coll. v. Middle States Ass'n of Colleges & Sch.*, No. CIV.A. ELH-15-01926, 2015 WL 5091994, at *44 (D. Md. Aug. 27, 2015).